JOHN M. WAY *vs.* IVORY W. RICHARDSON.

An action on a promissory note, indorsed in blank, the signature and indorsement of which are not denied in the answer, and which is produced by the counsel for the plaintiff at the trial, cannot be defeated by evidence that the plaintiff never owned the note, nor paid any thing for it, nor employed counsel to prosecute the action, nor had any interest in the suit.

ACTION OF CONTRACT on a promissory note for $100, made by the defendant, payable to his own order, and thus indorsed: "I. W. Richardson," "Without recourse, J. Wetherbee, Jr." Answer, that the defendant executed the note declared upon, without any consideration, and for the accommodation of Nathaniel Richardson; that the note was delivered by Nathaniel Richardson to Wetherbee, and, at the time it fell due, was in the hands of Wetherbee, and held by him, and was paid by Nathaniel Richardson to Wetherbee while it was so in his hands; that Wetherbee is still the owner of the note, and that this suit is prosecuted for his benefit; and that if the plaintiff is the owner of the note, he received it after it had been paid

---

and was overdue, with a full knowledge that it was an accom‑ modation note, and had been paid, and that he paid no con‑ sideration for it. Trial in the court of common pleas at January term 1854, before *Wells,* C. J. who signed the follow‑ ing bill of exceptions :

" The plaintiff read the note declared on and the indorsements thereon to the jury, and rested his case. The defendant then offered to prove that the plaintiff in this action never owned the note declared upon, and never had said note in his possession, nor employed counsel to pursue or prosecute said action ; and that the plaintiff had no interest in the suit or judgment, should one be recovered in his favor ; and that the note was never assigned to the plaintiff by delivery or otherwise ; and that the plaintiff never paid any thing for said note. To this the plaintiff objected, upon two grounds ; first, that it was not admissible under the defendant's answer ; second, that if proved, it would form no defence to this action. And the court rejected the evi‑ dence. The defendant offered no other evidence, and the court directed a verdict for the plaintiff. To all which rulings of the court the defendant excepts."

*I. W. Richardson, pro se.*

*L. H. Boutelle,* for the plaintiff, was stopped by the court.

Shaw, C. J. The evidence offered by the defendant was rightly rejected. Independently of the consideration that it was not specified in the answer, the evidence would have constituted no defence. The action was upon a note made by the defend‑ ant, payable to his own order, and by him indorsed in blank, and then by Wetherbee indorsed in blank, by which the plaintiff, if holder, had a right to fill up the indorsements, and make the note payable to himself, as second indorsee, which we are to presume was done, or considered as done, at the trial. The genuineness of the signature and indorsements was admitted. This, with the production of the note, was *prima facie* evidence of title, and good, unless rebutted ; for, although Wetherbee's indorsement was " without recourse," yet this was as effective to transfer the note, as if those words had not been used ; it was a blank indorsement.

The plaintiff, by his attorney, whose authority to appear it was then too late to contest, produced the note at the trial; the plaintiff's possession must be presumed to be lawful, and to have existed from the time of the indorsement, until the contrary appeared; and no evidence to the contrary was offered. It was not competent for the defendant to deny that the plaintiff was the owner and holder of the note, without traversing the signature, or the indorsement, or the delivery of the note, which he did not offer to do.

The plaintiff was not bound to prove that he gave value for it; the first indorsee might have given it to him, or authorized him to sue on it as his trustee. If the plaintiff's possession of the note was lawful, it must have been delivered to him by the holder.

Had the defendant even proved, what in his answer he proposed to prove, that the note was indorsed to the plaintiff after it was due, this would not have been of itself a defence. A note does not cease to be negotiable and transferable by indorsement or delivery, when it becomes due. Such proof would merely have let in the defendant to proof that it had been paid to some antecedent holder, or that he had a good defence against the plaintiff's indorser. But no offer was made of any such proof.

The cases cited by the defendant afford no authority to sustain a contrary view. In *Richardson* v. *Lincoln*, 5 Met. 201, there was a constructive delivery of the note to the plaintiff's attorney, simultaneous with the indorsement. In *Emmett* v. *Tottenham*, 8 Exch. 884, the decision was placed distinctly on the ground that the action was brought upon a copy of the note, and that there was no delivery of the note to the plaintiff, or to any one as his agent, until some time after the commencement of the action.                *Exceptions overruled.*